1  RACHEL S. BRASS, SBN 219301
      rbrass@gibsondunn.com
2  JORDAN E. JOHNSON, SBN 324051
      jjohnson@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
4  San Francisco, CA 94105-0921
   Telephone: 415.393.8200
5  Facsimile:  415.393.8306

6  Attorneys for Defendant
   UNION PACIFIC RAILROAD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| JEFFERY J. DEVASHRAYEE, | CASE NO. 3:22-cv-03756 |
|---|---|
| Plaintiff, | **DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL OF ACTION** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY and DOES 1 through 100, inclusive, | (San Francisco Superior Court Case No. CGC-22-599500) |
| Defendants. | Action Filed: May 4, 2022<br>Trial Date: None Set |

Gibson, Dunn & Crutcher LLP

**TABLE OF CONTENTS**

Page

I. TIMELINESS OF REMOVAL .................................................................................................. 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ....................................... 1

    A.    There Is Complete Diversity of Citizenship ..................................................................... 2

    B.    The Amount in Controversy Exceeds $75,000 ............................................................... 3

III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER .......... 7

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adkins v. J.B. Hunt Transp., Inc.*,
   293 F. Supp. 3d 1140 (E.D. Cal. 2018)..................................................................................5

*Amado v. US Bancorp*,
   2015 WL 5618877 (C.D. Cal. Sept. 24, 2015)......................................................................6

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
   2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) ........................................................................4

*Ayala v. Cox Auto., Inc.*,
   2016 WL 6561284 (C.D. Cal. Nov. 4, 2016)....................................................................2, 3

*Bayol v. Zipcar, Inc.*,
   2015 WL 4931756 (N.D. Cal. Aug. 18, 2015)......................................................................6

*Campbell v. Vitran Exp., Inc.*,
   471 F. App'x 646 (9th Cir. 2012) .........................................................................................4

*Canales v. Performance Food Grp., Inc.*,
   2017 WL 5905498 (C.D. Cal. Nov. 30, 2017)...................................................................5, 6

*Chambers v. Penske Truck Leasing Corp.*,
   2011 WL 1459155 ................................................................................................................5

*Garfias v. Team Indus. Servs., Inc.*,
   2017 WL 4512444 (C.D. Cal. Oct. 10, 2017) ...................................................................4, 5

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001).................................................................................................6

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010)................................................................................................................3

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001).................................................................................................3

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983)...............................................................................................2

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................................................4

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. Feb. 27, 2008)...................................................................4

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Kroske v. U.S. Bank Corp.*,
   432 F.3d 976 (9th Cir. 2005) ................................................................................................ 5, 6

*Lewis v. Verizon Commc'ns., Inc.*,
   627 F.3d 395 (9th Cir. 2010) ................................................................................................... 2, 3

*Lippold v. Godiva Chocolatier, Inc.*,
   2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) ........................................................................... 4

*Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc.*,
   2018 WL 1183354 (C.D. Cal. Mar. 7, 2018) ............................................................................. 5

*McPhail v. Deere* & Co.
   529 F.3d 947, 956 (10th Cir. 2008) ........................................................................................... 3

*Mejia v. Parker Hannifin Corp.*,
   2018 WL 582325 (C.D. Cal. Jan. 26, 2018) .............................................................................. 6

*Molnar v. 1-800-Flowers.com, Inc.*,
   2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ............................................................................. 6

*Patel v. Nike Retail Servs., Inc.*,
   58 F. Supp. 3d 1032 (N.D. Cal. 2014) .................................................................................. 3, 4

*Plata v. Target Corp.*,
   2016 WL 6237798 (C.D. Cal. Oct. 25, 2016) ........................................................................... 6

*Rippee v. Boston Mkt. Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ....................................................................................... 4

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) .................................................................................................... 3

*Simmons v. PCR Tech.*,
   209 F. Supp. 2d 1029 (N.D. Cal. 2002) .................................................................................... 5

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .................................................................................................... 2

**STATUTES**

28 U.S.C. § 84(a) ............................................................................................................................. 7

28 U.S.C. § 1332 ................................................................................................................. 1, 2, 3, 7

28 U.S.C. § 1441 ........................................................................................................................ 1, 7

# TABLE OF AUTHORITIES
(continued)

Page(s)

28 U.S.C. § 1446 ..................................................................................................................1, 3, 4, 8

Cal. Gov't Code § 12940 ................................................................................................................6

**OTHER AUTHORITIES**

*Dep't of State: Div. of Corps.*, STATE OF DEL.,
 https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx ................................1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JEFFERY J. DEVASHRAYEE AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Union Pacific Railroad Company ("Union Pacific" or "Defendant") hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. CGC-22-599500 in San Francisco County Superior Court, State of California. Removal is proper on the following grounds:

### I.     TIMELINESS OF REMOVAL

1.     Plaintiff Jeffery J. Devashrayee ("Plaintiff") filed his Complaint against Union Pacific in San Francisco County Superior Court, State of California, Case No. CGC-22-599500, on May 4, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice to Plaintiff, (e) Alternative Dispute Resolution Program Information Package, (f) Template Case Management Statement, (g) Notice and Acknowledgment of Receipt—Civil, and (h) Answer to Unverified Complaint are attached as Exhibits A–H to the Declaration of Rachel S. Brass ("Brass Decl.") filed concurrently with this notice.

2.     Plaintiff served Union Pacific with a Notice and Acknowledgment of Receipt—Civil on May 11, 2022. Union Pacific signed and returned the Notice and Acknowledgment of Receipt on May 26, 2022. See Brass Decl., Ex. G. Consequently, service was completed on May 26, 2022. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b).

### II.     SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.     Plaintiff, a former Union Pacific employee resident in Saratoga Springs, Utah, brings this lawsuit regarding his work for Defendant Union Pacific Railroad Company.

4.     Defendant Union Pacific Railroad Company is incorporated in Delaware and has its headquarters in Omaha, Nebraska. *See Dep't of State: Div. of Corps.*, STATE OF DEL., https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx; Declaration of Pam Lammers ("Lammers Decl.") ¶ 2.

5. Plaintiff alleges four causes of action against Union Pacific: (1) Age Discrimination in Violation of California's Fair Employment and Housing Act ("FEHA"); (2) Failure to Prevent Age Discrimination; (3) Race Discrimination in Violation of FEHA; and (4) Wrongful Termination in Violation of Public Policy.

6. Among other things, Plaintiff contends he is entitled to lost earnings and earning capacity, punitive and/or exemplary damages, pain and suffering, interest, and attorneys' fees and costs. *Id.*, Compl. ¶¶ 43–44, 58 & Prayer for Relief.

7. Union Pacific denies that liability or damages can be established as to Plaintiff. Union Pacific does not concede and reserves the right to contest, at the appropriate time, that any of Plaintiff's allegations constitute a cause of action against it under applicable law. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Union Pacific's Notice seeks only to establish that the amount in controversy is more likely than not in excess of Section 1332's jurisdictional minimum. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Union Pacific's] liability." *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

8. Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Union Pacific and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Union Pacific denies Plaintiff's factual allegations and denies that he is entitled to the relief requested. However, based on the allegations in the Complaint and the Prayer for Relief, all requirements for federal jurisdiction under Section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

**A.   There Is Complete Diversity of Citizenship**

9. Plaintiff and Union Pacific are "citizens of different states." 28 U.S.C. § 1332(a).

10. For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). A

party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's Complaint does not make any factual allegations concerning his state of residence; however, according to information Plaintiff provided to Union Pacific, Plaintiff resides in Utah. *See* Lammers Decl. ¶ 3. Plaintiff is therefore considered a citizen of Utah for purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

11. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Union Pacific is incorporated in Delaware and has its principal place of business in Omaha, Nebraska. *See Dep't of State: Div. of Corps.*, https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx; Lammers Decl. ¶ 2. The Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. section 1332(c)(1) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Union Pacific's headquarters, which is located in Nebraska, constitutes its "nerve center" because its high-level officers oversee the corporation's activities from that state. See Lammers Decl. ¶ 2. As such, Union Pacific is a citizen of Delaware and Nebraska. *See* 28 U.S.C. § 1332(c)(1).

12. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and Union Pacific. See 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy Exceeds $75,000**

13. Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B). Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true . . . a defendant is not required to admit, and is certainly not required to prove, the truth of plaintiff's assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400; *see also McPhail v. Deere* & Co., 529

1  F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) (explaining that "[t]he amount in controversy is not proof of the amount the plaintiff will recover," but is instead "an estimate of the amount that will be put at issue in the course of the litigation")).

14.  A removing defendant is not required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. Feb. 27, 2008)).  Instead, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy."  *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g., Lippold*, 2010 WL 1526441, at *3 (finding it reasonable for defendant to assume that plaintiff worked "13 hours a day every day that plaintiff worked for" defendant because plaintiff alleged that he "regularly and/or consistently worked in excess of 12 hours per day"); *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations' from the allegations in the complaint").

15.  Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

16.  The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff seeks, among other relief, lost wages, attorneys' fees, and punitive damages.  *See* Brass Decl., Ex. B, Prayer for Relief; 28 U.S.C. § 1446(c)(2); *see also, e.g., Garfias v. Team Indus. Servs., Inc.*, 2017 WL 4512444, at *3–5 (C.D. Cal. Oct. 10, 2017) (reviewing various categories of compensatory relief as part of removal analysis).

17. Plaintiff seeks lost wages or back pay for his failure to prevent age discrimination and wrongful termination claims. *See* Brass Decl., Ex. B, Compl. ¶¶ 43, 58. As a salaried employee, Plaintiff was expected to work 40 hours per week. *See* Lammers Decl. ¶ 5. Plaintiff's average annual salary between 2007 and 2020 as an salaried attorney with Union Pacific was approximately $192,443. *Id.* ¶ 4. Based on that average, Plaintiff's pay can be conservatively estimated as at least $3,700 per week ($198,443 / 52 weeks). Plaintiff's employment with Union Pacific ended on February 16, 2022. *Id.*; *see also* Brass Decl., Ex. B, Compl. ¶ 32. For removal purposes, back pay is typically calculated by multiplying an employee's weekly wage by the number of workweeks between his termination date and the date of removal. *See Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, at *3, *report and recommendation adopted*, 2011 WL 1739913 (E.D. Cal. 2011); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002). Here, that calculation would yield estimated back pay of at least **$66,600** ($3,700 x 18 workweeks).

18. Plaintiff also seeks "emotional distress . . . damages" due to Union Pacific's alleged failure to prevent discrimination against Plaintiff and "engag[ing] in a purposeful plan to make Plaintiff's work life so miserable and oppressive that he would quit his job at Union Pacific." *See* Brass Decl., Ex. B, Compl. ¶¶ 41–43, 58. "Emotional distress damages may be considered when calculating the amount in controversy" even where the amount is "not clearly pled in the complaint." *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146 (E.D. Cal. 2018) (citing *Simmons*, 209 F. Supp. 2d at 1034). In "establish[ing] the likely amount of recoverable emotional distress damages, a removing defendant may provide evidence in the form of jury verdicts from similar cases." *Id.* (citing *Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc.*, 2018 WL 1183354, at *5 (C.D. Cal. Mar. 7, 2018)). It is also "reasonable to apply a 1:1 ratio to emotional distress and economic damages for purposes of the . . . jurisdictional analysis." *Garfias*, 2017 WL 4512444, at *5; *see also Adkins*, 293 F. Supp. 3d at 1146–47. Other courts have held that it is plausible that a plaintiff in a wrongful termination case could recover $25,000 in emotional distress damages. *See Canales v. Performance Food Grp., Inc.*, 2017 WL 5905498, at *4 (C.D. Cal. Nov. 30, 2017); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding no clear error in the district court's conclusion that emotional distress damages in an employment discrimination action would add at least

an additional $25,000 to plaintiff's claim); *Plata v. Target Corp.*, 2016 WL 6237798, at *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses). Accordingly, Union Pacific conservatively estimates that Plaintiff's claims for emotional distress damages place at least **$25,000** in controversy. *See Canales*, 2017 WL 5905498, at *4 (finding defendant's assertion that "the minimum amount in controversy for emotional distress damages is $25,000" to be plausible); *see also Kroske*, 432 F.3d at 980 (finding no clear error in the district court's conclusion that emotional distress damages in an employment discrimination action would add at least an additional $25,000 to plaintiff's claim).

19. This Court may also consider Plaintiff's request for punitive damages for his wrongful termination claim in determining the amount in controversy. Plaintiff alleges that "as a result of the fraudulent, discriminatory, humiliating, duplicitous [and] oppressive conduct of Union Pacific," he was "constructively discharged" and that this "conduct . . . constitutes malice, fraud and oppression . . . so as to justify the imposition of punitive damages." *See* Brass Decl., Compl. ¶¶ 32, 59. Punitive damages are available for Plaintiff's claims under California law. *Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *4 (C.D. Cal. Jan. 26, 2018) (noting that punitive damages are available for claims brought pursuant to Cal. Gov't Code § 12940). And "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Amado v. US Bancorp*, 2015 WL 5618877, at *2 (C.D. Cal. Sept. 24, 2015) (alteration in original) (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)); *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, at *4 (C.D. Cal. Feb. 23, 2009) ("In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law."). Assuming a conservative punitive damages award based upon a 1:1 ratio would place at least an additional **$91,600** in controversy ($66,600 in lost wages + $25,000 in emotional distress damages). *See Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (assuming "a conservative 1:1 ratio for punitive to compensatory damages" for determining whether the amount in controversy threshold was met).

20. The inclusion of $91,600 in punitive damages would increase the total amount in controversy to **$183,200**, demonstrated as follows:

| | |
|---|---|
| Conservative estimate of amount in controversy from lost wages allegations: | $66,600 |
| Conservative estimate of amount in controversy from emotional distress allegations: | $25,000 |
| Conservative estimate of amount in controversy from punitive damages allegations: | $91,600 |
| Estimated total amount in controversy: | **$183,200** |

21.     The total amount is certainly higher, as this figure (1) is based on conservative estimates of Plaintiff's claims for lost wages, emotional distress damages, and punitive damages and (2) does not include Plaintiff's claims for front-pay, attorneys' fees and costs, or interest.

### III.     THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER

22.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a)     This is a civil action within the meaning of Section 1332(a);

   b)     The properly named parties are citizens of different states, as required by Section 1332(a)(1); and

   c)     The amount in controversy exceeds $75,000 as required by Section 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

23.     The United States District Court for Northern District of California is the federal judicial district in which the San Francisco County Superior Court sits.  This action was originally filed in the San Francisco County Superior Court, rendering venue in this federal judicial district proper.  28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a).

24.     True and correct copies of all process, pleadings, and orders served upon Union Pacific and/or filed in the state court, including the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice to Plaintiff, (e) Alternative Dispute Resolution Program Information Package, (f) Template Case Management Statement, (g) Notice and Acknowledgment of Receipt—Civil, and (h) Answer to Unverified Complaint are attached as Exhibits A–H to the Brass Declaration filed concurrently herewith.  These filings constitute the complete record of all records and proceedings in the state court.

25. Upon filing the Notice of Removal, Union Pacific will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: June 24, 2022

          RACHEL S. BRASS
          JORDAN E. JOHNSON
          GIBSON, DUNN & CRUTCHER LLP

          By:  */s/ Rachel S. Brass*
                    Rachel S. Brass

          Attorneys for Defendant
          UNION PACIFIC RAILROAD COMPANY