IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY J. DEVASHRAYEE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | Case No. 22-cv-03756-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND TO CONTINUE HEARING DATE** |

    Before the Court is plaintiff Jeffrey J. Devashrayee's ("Devashrayee") "Motion to Extend Time to File Opposition to Defendants' (sic) Motion to Transfer Venue and to Continue the Hearing Date," filed July 26, 2022. Defendant Union Pacific Railroad Company ("Union Pacific") has filed opposition. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

    On May 4, 2022, Devashrayee filed the above-titled action in the Superior Court of California, in and for the County of San Francisco. On June 24, 2022, Union Pacific removed the action to district court, and, on July 1, 2022, filed a Motion to Transfer Venue, which it noticed for hearing on August 12, 2022. Thereafter, on July 18, 2022, Union Pacific filed a "Notice of Plaintiff Jeffrey J. Devashrayee's Non-Opposition to Motion to Transfer Venue," wherein Union Pacific correctly observed that, under the Local Rules of this District, any opposition to the Motion to Transfer was due no later than July 15, 2022, and that Devashrayee had not filed opposition or any other response to the Motion to Transfer.

    By the instant motion to extend time, Devashrayee seeks leave to file opposition to the Motion to Transfer Venue, citing Rule 6(b) of the Federal Rules of Civil Procedure,

which provides that "[w]hen an act may or must be done with a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." See Fed. R. Civ. P. 6(b)(1)(B).

In support of his motion, Devashrayee relies on the declaration of his counsel, who states that, on July 25, 2022, he "attempted to check the court docket in this matter," learned his "Pacer account had been temporarily deactivated," and asked a "colleague" to check the docket, which colleague, upon learning of the filing of the Motion to Transfer Venue, informed Devashrayee's counsel of said filing. (See Louderback Decl. ¶ 5.) Devashrayee's counsel states he then conducted a "further investigation" and learned he had "received (but inadvertently failed to note, open, and review) the incoming email notifications in this [a]ction, which included the [d]efendant's Motion to Transfer Venue"[1] and that, had he opened the email notifications, he "would have filed a timely opposition." (See id. ¶ 6.)

"Neglect," as used in Rule 6(b), "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 388 (1993).[2] The determination of whether a party's neglect, or carelessness, is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" See id. at 395. Specifically, in making such determination, a court considers "the danger of prejudice to the [non-moving party], the length of the delay [caused by the failure to act] and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and

---

[1] Under the Local Rules of this District, "[u]pon the filing of a document by a party, the ECF system will send to the registered attorneys for all parties in the case a Notice of Electronic Filing, which constitutes service on the receiving party." See Civil L.R. 5-1(g)(1).  The Notice of Electronic Filing consists of an email sent from the address ECF-CAND@cand.uscourts.gov.  (See Brass Decl. Ex. A.)

[2] In Pioneer, the Supreme Court interpreted "neglect" as used in Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, which Rule is "patterned after Rule 6(b)." See id. at 391.

whether the movant acted in good faith." See id.

In opposing the instant motion, Union Pacific focuses on only one circumstance, the reason for the delay, namely, Devashrayee's counsel's failure to "open and read notices from a case that he himself initiated." (See Def.'s Opp. at 3:9-10.) Although the explanation offered by Devashrayee is weak, as his counsel fails to state why he did not attempt to check the docket until a month after the case was removed or why he failed to notice he had received emails from a court address, and although such conduct may reflect a lack of regard for the court's docket, there is no evidence or suggestion by Union Pacific that it would be prejudiced if its Motion to Transfer Venue is heard several weeks after the date presently scheduled or that Devashrayee's counsel acted in bad faith. Moreover, the period of delay is short, the instant motion having been filed eleven days after opposition to the Motion to Transfer Venue was due and one day after Devashrayee's counsel learned of the filing of said Motion. Under such circumstances, the Court finds the failure to file opposition to the Motion to Transfer Venue was "because of excusable neglect." See Fed. R. Civ. P. 6(b)(1)(B).

Accordingly, Devashrayee's motion is hereby GRANTED, and the Court sets the following schedule:

1. the deadline to file opposition to the Motion to Transfer Venue is EXTENDED to August 12, 2022;

2. the deadline file a reply is EXTENDED to August 26, 2022; and

3. the hearing on the Motion to Transfer Venue is CONTINUED from August 12, 2022, to September 9, 2022, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: August 3, 2022

MAXINE M. CHESNEY
United States District Judge